**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

DELAWARE HUMAN AND CIVIL )
RIGHTS COMMISSION, )
                       )
       Plaintiff *ex. rel.*, )
                       )
ELAINE CAHILL, )   C.A. No. N24C-12-088 KMM
                       )
       Relator, )
                       )
       v. )
                       )
CHRISTINE WELCH, ELMER YU and )
WILMA YU, )
                       )
       Defendants. )

## ORDER DENYING MOTION FOR REARGUMENT

1.     The Delaware Human and Civil Rights Commission (the "Commission") filed this action on behalf of Elaine Cahill for an alleged violation of the Delaware Fair Housing Act (the "Act"). The Commission asserted Mrs. Cahill is disabled, as provided in the Act, and that her disabilities substantially limit one or more major life activities.[1] Due to these conditions, she utilizes an emotional support animal. Mrs. Cahill erected a fence around her back yard to contain her dog.

2.     Defendants reside next to Mrs. Cahill and claimed that the fence violated the deed restriction. Defendants pursued an action in the Court of Chancery

---

[1] The factual recitation is taken from the Court's Memorandum Opinion. D.I. 13.

to enforce the deed restriction and compel Mrs. Cahill to remove the offending fence. The Magistrate issued a Final Report, finding that the fence violated the deed restriction and must be removed.

3. In this action the Commission asserted that despite knowing of Mrs. Cahill's disabilities and need for a reasonable accommodation (the fence), defendants here engaged in discriminatory conduct by pursuing the Court of Chancery action, which resulted in an order mandating removal of the fence.[2]

4. The Court issued a Memorandum Opinion on August 5, 2025, ruling that to the extent the complaint seeks an injunction, this Court lacks jurisdiction to grant such relief and dismissed that portion of the complaint. The Memorandum Opinion further ruled that this action is barred by the *Noerr-Pennington* doctrine.

5. On August 13, 2025, plaintiff filed a Motion to Reargue, pursuant to Superior Court Civil Rule 59(e) (the "Motion").[3] The Commission argues that its complaint sought "injunctive relief," but it "should not have"[4] and that [t]he complaint . . . errantly conflated the concept of injunctive relief with a finding that discrimination occurred due to a refusal to permit a reasonable accommodation."[5]

---

[2] *Id.*, ¶¶ 23-25.
[3] D.I. 15.
[4] Motion, ¶ 4.
[5] *Id.*, ¶ 7.

6.      Under Rule 59(e), a motion for reargument "shall be served and filed within 5 days after the filing of the" challenged decision.[6]  Under Superior Court Civil Rule 6(a), when the time to act is less than 11 days, the computation of time excludes Saturdays, Sundays, and legal holidays.[7]  Under Rule 6(b), the Court may extend the time for an act required by the court's rules for "cause shown" "but it may not extend the time for taking any action under Rule[] . . . 59(b), (d) and (e), . . . except to the extent and under the conditions stated in them."[8]  Rule 59(e) does not contain a mechanism to extend the time for filing a motion for reargument.

7.      The deadline for the Commission to file a motion for reargument was August 12, 2025.[9]  While the Motion is dated August 12, 2025, it was not filed until August 13, 2025 at 3:19 p.m.  The Court does not have discretion to extend the deadline.  It is without jurisdiction to consider the untimely Motion.[10]  The Motion is **DENIED**.

**IT IS SO ORDERED**.

August 22, 2025                                             */s/Kathleen M. Miller*
                                                           Kathleen M. Miller, Judge

---

[6] Del. Super. Ct. Civ. R. 59(e).
[7] Del. Super. Ct. Civ. R. 6(a).
[8] Del. Super. Ct. Civ. R. 6(b).
[9] *See Williamburg Vill. Condo. Ass'n v. Paddy's LLC*, 2022 WL 17685031 (Del. Super. Dec. 13, 2022).
[10] *State v. Brokenbrough*, 2008 WL 1891705, *1 (Del. Super. Apr. 30, 2008), *aff'd,* 962 A.2d 916 (Del. 2008) ("The five-day rule is jurisdictional and the Court does not have discretion to extend the deadline"); *Boyer v. State*, 919 A.2d 561 (Table), 2007 WL 452300, at *1 (Del. Feb. 13, 2007") (". . . the Superior Court, in fact, had no jurisdiction to consider the untimely motion.").